

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,594 & 76,595

### EX PARTE STATE OF TEXAS EX REL. CRAIG WATKINS, Relator

### v.

### THE HONORABLE JOHN CREUZOT, Respondent

### ON MOTION FOR LEAVE TO FILE PETITION FOR WRITS OF
### PROHIBITION AND MANDAMUS FROM CAUSE NO. F81-01988-FK
### IN THE CRIMINAL DISTRICT COURT NO. 4
### FROM DALLAS COUNTY

KEASLER, J., filed a concurring opinion in which MEYERS and HERVEY, JJ., joined.

### CONCURRING OPINION

I write separately because, I believe, for different reasons from those of the majority,

that the State has a clear right to the relief it seeks.

There is no conflict among us as to whether the State has an adequate remedy at law;

it does not. But I believe that the State has a clear right to the relief sought here because the

trial judge lacked the authority to enter a ruling precluding the State from seeking the death penalty on retrial. The Supreme Court of the United States has recognized that due process would "require the dismissal of the indictment if it were shown at trial that the pre-indictment delay in th[e] case caused substantial prejudice to [the defendant's] rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused."[1] Looking at the prejudice component, the Court observed that "proof of actual prejudice makes a due process claim concrete and ripe for adjudication . . . ."[2] It necessarily follows then that proof that the delay was "an intentional device to gain a tactical advantage over the accused," or some identifiable type of government misconduct, is also a prerequisite for purposes of ripeness.[3]

Applying this analytical framework here, the trial judge here had no discretion to hold that the State was precluded from seeking the death penalty when retrying Jonathan Bruce Reed for capital murder. As a matter of law, there has been no intentional or purposeful misconduct by the State, and in the absence of any such misconduct, the applicability of the death penalty was not ripe for consideration.[4] That Reed's first conviction was ultimately

---

[1] *United States v. Marion*, 404 U.S. 307, 324 (1971).

[2] *United States v. Lovasco*, 431 U.S. 783, 789 (1977).

[3] *See id.* ("proof of prejudice is generally necessary but not a sufficiency element of a due process claim, and . . . the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused.").

[4] *See id.*; *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988) ("unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially

overturned, after spending decades in state and federal appellate courts, because the State violated *Batson v. Kentucky*[5] during Reed's 1983 trial is not a sufficient basis for attributing misconduct by the State. As explained in the majority's opinion, the extraordinary developments in the law in *Batson*, *Powers v. Ohio*,[6] and *Miller-El v. Dretke*,[7] beginning in 1986 and ending in 2005, provided the basis for the Fifth Circuit's decision to set aside Reed's conviction in 2009. The law, as it stands now, was not in effect at Reed's trial, and it cannot be reasonably said that the State could, or should, have predicted the change in the law. Given the procedural posture of this case, which negates any intentional and purposeful misconduct by the State, the trial judge was not authorized exercise any discretion on Reed's pretrial motion to preclude the application of the death penalty.

Some of the majority's reasoning appears strikingly similar to what I have said here.[8] But there are overly broad propositions that I do not agree with and are not required to resolve this case. There is no reason to categorically hold that this issue, or an issue relating to pre-indictment delay, may never be litigated in the pretrial setting. In the future, there may be a case in which such litigation is proper. This is why we should write opinions on the

---

useful evidence does not constitute a denial of due process of law.").

[5] 476 U.S. 79 (1986).

[6] 499 U.S. 400 (1991).

[7] 545 U.S. 231 (2005).

[8] *See Ante*, Maj. Op. at 22-24.

narrowest grounds possible. As I have already stated, it is the lack of State misconduct that takes this case out of the realm of matters in which the trial judge may exercise his discretion. Thus, I also find it inappropriate to discuss any matters related to prejudice.[9] There is simply no reason to detail what mitigation evidence is available and to opine about the strength that a jury may accord that evidence. The more that the majority says about the merits of the underlying issue, the more it appears that the judge in this case was exercising purely a judicial function. This is why I rely solely on the fact that the issue is not ripe for consideration.

Finally, it is important to point out that Reed is in the same situation as any other individual tried later in life for capital murder where the State seeks the death penalty. It is highly likely that those individuals will confront the same problems cited by Reed—the loss or destruction of potential mitigating evidence from childhood due to the passage of time. But such realities have never been used to bar the State from pursuing a sentence of death. Thus, under the circumstances here, I cannot conclude that Reed would be prevented from receiving a fair sentencing hearing.

Based on the foregoing, the State has a clear right to conditional mandamus relief.


DATE FILED: July 27, 2011
PUBLISH

---

[9] *See generally, id.* at 18-24.